**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**ANTHONY WATTS (#128796)**　　　　　　　　　**CIVIL ACTION NO.**

**VERSUS**　　　　　　　　　　　　　　　　　　**22-251-JWD-EWD**

**STATE OF LOUISIANA, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 12, 2023.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**ANTHONY WATTS (#128796)**                    **CIVIL ACTION NO.**

**VERSUS**                                      **22-251-JWD-EWD**

**STATE OF LOUISIANA, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are the remaining claims in this case that appear to be made under 28 U.S.C. §§ 2241 and/or 2254 (the "habeas claim"), filed by Petitioner Anthony D. Watts ("Watts").[1] The habeas claim should be dismissed without prejudice for failure to exhaust available state remedies.[2]

**I.   BACKGROUND**

Watts, who is representing himself and who is now confined at the Catahoula Correctional Center in Harrisonburg, Louisiana, brought this suit on or about April 13, 2022, while in custody at the Livingston Parish Jail.[3] In his initial filing, Watts complained that he was being denied access to the courts due to inadequacies at the Livingston Parish Jail.[4] Watts also requested that he be released from custody.[5] Watts then filed an amended petition noting that he was in jail as a

---

[1] Watts's access to courts claim was severed from the habeas claim. R. Doc. 8. Only the habeas claim remains in this case.

[2] The Court has the authority to *sua sponte* dismiss the habeas claim. *See Rules Governing Section 2254 and 2255 Cases*, Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition…"); *Moxley v. Dretke*, No. 05-39, 2005 WL 637931, at *n. 3 (N.D. Tex. March 17, 2005) (*sua sponte* dismissing a § 2254 habeas petition for failure to exhaust state remedies and noting that "[a] federal court may *sua sponte* raise [the procedural defense of exhaustion] and dismiss a habeas petition for failure to exhaust state remedies."); *Prudhomme v. Iowa Police Dept.*, No. 07-745, 2007 WL 2702183 (W.D. La. Aug. 22, 2007) (dismissing a § 2241 petition by a pretrial detainee on the basis that the petitioner failed to exhaust state court remedies, noting that "a United States district court is expressly authorized to dismiss the action *sua sponte*.").

[3] R. Doc. 1.

[4] R. Doc. 1, pp. 2-3.

[5] R. Doc. 1, p. 4.

pretrial detainee awaiting proceedings on a battery charge and that he was also serving a ninety-day sentence for "tickets" and possession of marijuana.[6]

## II. LAW & ANALYSIS

Watts's habeas claim is subject to dismissal as unexhausted regardless of whether it is brought pursuant to § 2241 or § 2254.[7] Though Watts's claims are difficult to understand, to the extent he is complaining, generally, about being held in jail as a result of either a ninety-day sentence arising from a guilty plea or due to a pending aggravated battery charge, he has failed to meet the procedural requirements to bring this claim.[8] To be eligible for pretrial habeas relief pursuant to § 2241, "a petitioner must be 'in custody' and must have exhausted his available state remedies."[9] Similarly, § 2254 requires a habeas petitioner seeking relief in federal court to first exhaust his claims by presenting them for review before the courts of the state in which he is confined.[10] It is clear based on Watts's filings that he has not exhausted any habeas claim under either § 2241 or § 2254 in the state courts.[11] Accordingly, any habeas claim in this case, whether brought pursuant to § 2241 or § 2254, is subject to dismissal without prejudice as unexhausted.[12]

---

[6] R. Doc. 3.
[7] "Section 2254 applies only to post-trial situations and affords relief to a petitioner in custody pursuant to the judgment of a state court. Pretrial petitions are properly brought under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Stringer v. Williams,* 161 F.3d 259, 262 (5th Cir.1998) (internal quotation marks and citations omitted). Watts notes that, at the time of filing the Petition, he was in custody serving a ninety-day sentence for "tickets" and possession of marijuana and as a result of a pending charge for aggravated battery. R. Doc. 3, p. 2. Accordingly, it appears § 2254 applies to the extent he is complaining of incarceration because of the final judgment regarding the "tickets" and possession of marijuana. However, § 2241 applies to the extent he is complaining of pretrial detention on the aggravated battery charge.
[8] R. Docs. 1 & 3.
[9] *Dickerson v. State of La.,* 816 F.2d 220, 224-226 (5th Cir. 1987).
[10] 28 U.S.C. § 2254(b) and (c).
[11] *See* R. Doc. 3. The Court has also confirmed a lack of filings by Watts regarding his incarceration via a search of the Westlaw database, which revealed no decisions.
[12] Watts does not allege that state court remedies are unavailable, and such an allegation would be "dubious at best." *Briley v. Ouachita Parish Corrections Center*, No. 14-642, 2014 WL 2041940, at *3 (W.D. La. May 15, 2014).

**RECOMMENDATION**

**IT IS RECOMMENDED** that any habeas claims brought by Petitioner Anthony Watts pursuant to 28 U.S.C. §§ 2241 and/or 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies and that this matter be **CLOSED**.

Signed in Baton Rouge, Louisiana, on January 12, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**